UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CLARENCE DICKENS,

        Petitioner,

v.

JOAN FABIAN, Commissioner of DOC,
and JOHN KING, Warden,

        Respondents.

Civil No. 10-3400 (PJS/FLN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Nos. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 2008, criminal charges were brought against Petitioner in the state district court for Cass County, Minnesota. He later entered into a plea agreement, and pled guilty to illegally possessing a firearm. Two assault charges were dismissed pursuant to the plea agreement. Petitioner was sentenced to 60 months in state prison, and he is currently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota. (Petition, p. 1, §§ 1-5.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed a direct appeal. He claimed that the 60-month sentence imposed by the trial court was an "abuse of discretion." (Id., p. 2, § 9(d).) The Minnesota Court of Appeals rejected Petitioner's abuse of discretion argument and affirmed his conviction and sentence. State v. Dickens, No. A09-1263 (Minn.App. 2010), 2010 WL 935485 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's subsequent application for further review on May 26, 2010. Id.

Petitioner represents that he has also filed a "Rule 27.03 motion for correction of sentence" in the state trial court. (Petition, p. 2, § 11(a)(2).) The "grounds raised" in that motion are described as follows: "that the Firearms Possession is 3 years and not the 60 months." (Id., § 11(a)(3).) According to Petitioner, the trial court has not responded to his motion for correction of sentence. (Id., p. 3, § 11(a)(5).)

Petitioner's current habeas corpus petition lists three grounds for relief, which, repeated verbatim and in their entirety, are as follows:

> Ground One: "1. Order Cass County District Court to Post-conviction relief in my defence 2. Also to respond to the letters written to the Court. 3. Misconduct of counsel when counsel Failed to defend petitioner to a trial. 4. Misconduct of Prosecutor concealing evidence and misrepresent plea."
>
> Ground Two: Seeking evidentiary hearing, new trial, vacation of sentence Mitigating Factors, age, Post-traumatic Stress syndrome, Chronic Myelogenous Leukemia (Cancer) Petitioner has significantly reduced mental capacity Petitioner was intoxicated during plea advised from counsel."
>
> Ground Three: appointed counsel was an independent attorney paid by Leech Lake Indian Reservation's Chairman Arthur 'archie' laRose who is the uncle of the victims, therefore exist a conflict of interest. The attorney that represented me is a distant cousin to the victims."

(Petition, pp. 4-5, § 12.)

It is readily apparent, however, that Petitioner has not exhausted his state court remedies for any of his current claims for relief, as required by applicable federal statutes and decisions of the United States Supreme Court. Therefore, this action must be summarily dismissed.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

3

It is also well established that a habeas petitioner must exhaust his state court remedies for all of the claims that he seeks to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case it is evident that Petitioner has not raised any of his current grounds for relief in the Minnesota state appellate courts. The only claim that Petitioner raised in his direct appeal was "abuse of discretion" at sentencing. He did not raise any of his current grounds for relief in his state court appeal.[2] Therefore, Petitioner has not satisfied the exhaustion of state remedies requirement for any of his current claims.

Furthermore, there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. §§ 590.01 et seq.[3] Minnesota state courts have held that claims of ineffective assistance of trial counsel can be raised in post-conviction proceedings if, (but only if), the claim could

---

[2] The Court recognizes that there is some commonality between the abuse of discretion claim that Petitioner raised in his state court appeal and Ground Two of his current habeas corpus petition. However, Ground Two of the current petition must have some federal constitutional basis, (even though it is not clearly identified), otherwise it could not be raised in a federal habeas petition. See Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension"). However, it clearly appears that Petitioner did not present any federal constitutional challenge to his sentence in his direct appeal. See Petition, p. 2, § 9(d); Dickens, 2010 WL 935485 at *2. Thus, Petitioner has not exhausted his state court remedies for any constitutional challenge to his sentence.

[3] The Court notes that several of Petitioner's collateral submissions in this case bear the caption of his state criminal case. (See Docket Nos. 3-8.) This suggests that Petitioner may be well aware of the state post-conviction remedy provided by Minn.Stat. §§ 590.01 et seq. Indeed, it appears that Petitioner may have actually intended to file his collateral submissions in the trial court, as part of a state post-conviction motion, and he may have filed them here just by mistake.

4

not be resolved on direct appeal based on the existing record. See Chambers v. State, 769 N.W.2d 762, 763-64 (Minn. 2009) ("[w]hen a claim of ineffective assistance of counsel can be determined from the trial record, it must be brought on direct appeal...; [i]f, however, the claim requires examination of evidence outside the trial record and additional fact-finding, then the claim is not procedurally barred," and may be raised in a post-conviction motion). In this case, it is unclear whether Petitioner's current ineffective assistance of counsel claims could be resolved based on the existing record, or whether additional fact-finding is necessary. It is therefore unclear whether Petitioner's ineffective assistance of counsel claims could properly be entertained in a state post-conviction motion. It is likewise unclear whether any of Petitioner's other currently unexhausted claims could be heard in a state post-conviction motion brought under Minn.Stat. §§ 590.01 et seq.

The Court finds that it would be preferable to have the Minnesota state courts, rather than the federal district court, decide which, if any, of Petitioner's unexhausted claims can still be heard and decided on the merits in the state courts. Therefore, the Court will recommend that the current petition be dismissed without prejudice, so that Petitioner can attempt to pursue his currently unexhausted claims in a state post-conviction motion. See Nelson v. Solem, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for lack of exhaustion").[4] Petitioner may return to federal court, (if necessary), after the state courts,

---

[4] If the state courts were to reject Petitioner's presently unexhausted claims because of a state procedural rule, those claims would be procedurally defaulted, and they would not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual

5

including the Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to present in federal court. See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993); see also Nelson, supra.[5]

Having determined that this action must be summarily dismissed because of Petitioner's failure to exhaust his state court remedies, the Court will further recommend that Petitioner's application for leave to proceed in forma pauperis, (IFP), (Docket Nos. 2 and 3), and motion for appointment of counsel, (Docket No. 4), be summarily denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained); Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief). The Court will also recommend that Petitioner's anomalous "Pro Se Motion For Writ Of Habeas Corpus

---

innocence. Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

[5] If Petitioner pursues this option, he should be mindful of several matters that could affect his future eligibility for federal habeas corpus relief. First, he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review in the state courts, including a petition for further review in the State Supreme Court. O'Sullivan, 526 U.S. at 845. Second, federal habeas corpus review is available only for claims that were previously raised in the state courts as federal constitutional claims. Duncan, 513 U.S. at 365-66. Third, if Petitioner does return to the state courts to exhaust his state court remedies, and if he should thereafter attempt to file another federal habeas petition, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d). It appears that the statute of limitations has not yet expired in this case, and the statute will be tolled (pursuant to 28 U.S.C. § 2244(d)(2)) while any post-conviction proceedings are pending in the state courts. However, Petitioner could face a statute of limitations problem in the future, if he does not diligently pursue state post-conviction relief.

[etc.]," (Docket No. 7), be summarily denied.

## III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, (and the Court cannot independently discern), anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket Nos. 1 and 7), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket Nos. 2

and 3), be **DENIED**;

      3. Petitioner's motion for appointment of counsel, (Docket No. 4), be **DENIED**;

      4. Petitioner's "Pro Se Motion For Writ Of Habeas Corpus [etc.]," (Docket No. 7),

be **DENIED**;

      5. This action be **DISMISSED WITHOUT PREJUDICE**; and

      6. Petitioner should **NOT** be granted a Certificate of Appealability


Dated: August  24, 2010

                                                          s/ *Franklin L. Noel*
                                                          FRANKLIN L. NOEL
                                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 7, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.